# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF TENNESSEE

In re

                                      Case No.  11-32756

CWKS KNOXVILLE, INC.
dba VOL EXPRESS
dba COMPUTERWORKS
dba SCD ENTERPRISES

                Debtor


        ANN MOSTOLLER, TRUSTEE

                Plaintiff

           v.                                 Adv. Proc. No.  13-3048

        CHARLES BOWENS

                Defendant


## MEMORANDUM ON
## MOTION FOR SUMMARY JUDGMENT


**APPEARANCES:**    MOSTOLLER, STULBERG, WHITFIELD & ALLEN
                      Ann Mostoller, Esq.
                      136 South Illinois Avenue
                      Suite 104
                      Oak Ridge, Tennessee  37830
                      Attorneys for Plaintiff

                      Charles Bowens, *pro se*
                      2915 Cherry Branch Drive
                      Knoxville, Tennessee  37938


**RICHARD STAIR, JR.**
**UNITED STATES BANKRUPTCY JUDGE**

The Plaintiff filed a Complaint on May 30, 2013, asking the court to award her a judgment avoiding a post-petition transfer pursuant to 11 U.S.C. § 549 (2006), to be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550(a) (2006), and directing the Defendant to turnover proceeds he obtained from the transfer of estate property post-petition.  The Defendant filed an Answer and Affirmative Defenses on July 24, 2013, asserting a number of affirmative defenses and denying that the Plaintiff is entitled to the relief sought.

Before the court is the Motion for Summary Judgment filed by the Plaintiff on April 10, 2014, accompanied by the Plaintiff's Statement of Undisputed Material Facts (Statement of Undisputed Facts) and a memorandum of law as required by E.D. Tenn. LBR 7056-1.  Attached to the Motion for Summary Judgment and additionally relied upon by the Plaintiff are (A) the transcript of the Debtor's meeting of creditors held on July 12, 2011; (B) a Business Sale Offer and Acceptance Agreement between RXMAC PC, Inc. d/b/a ComputerWorks and Bhavin Bhalodia dated September 21, 2011; (C) Allocation of Purchase Price for Sale of Assets by RXMAC PC, Inc. to Smart Tech, Inc. dated October 3, 2011; (D) Bill of Sale dated October 3, 2011; (E) Marketing Agreement dated April 28, 2011, between Transworld Business Advisors and CWKS Knoxville, Inc. for the sale of ComputerWorks; (F) Charter for RXMAC PC Inc. filed with the Tennessee Secretary of State on June 18, 2011; (G) Marketing Agreement dated June 20, 2011, between Transworld Business Advisors and CWKS Knoxville, Inc. for the sale of ComputerWorks with email from Jerry Christenson to Charles Bowens dated August 16, 2011, concerning back-dating agreement; (H) excerpts from Deposition of Charles Bowens taken January 4, 2013, in *RXMAC PC, Inc. v. Bhavin Bhalodia and Smart Tech, Inc*., No. 182684-1, Chancery Court for Knox County, Tennessee;

2

and (I) excerpts from Deposition of Justin Benshoof taken March 25, 2013, in *RXMAC PC, Inc. v.*

*Bhavin Bhalodia and Smart Tech, Inc.*, No. 182684-1, Chancery Court for Knox County, Tennessee.

The Defendant did not file a response to the Motion for Summary Judgment or the Statement

of Undisputed Facts.  Pursuant to the court's Local Rules, the Defendant's failure to respond "will

be construed to mean that the respondent does not oppose the relief requested by the motion."  E.D.

Tenn. LBR 7007-1(a).  Additionally, because he did not respond to the Statement of Material Facts,

"the material facts set forth in the movant's statement will be deemed admitted."  E.D. Tenn. LBR

7056-1(b).  Notwithstanding the Defendant's failure to respond, the court must rule on the Motion

for Summary Judgment on the merits of the Plaintiff's claim.  *Phillips v. Huffman (In re Huffman)*,

171 B.R. 649, 653 (Bankr. W.D. Mo. 1994); *see also* FED. R. CIV. P. 56(a) ("The court should state

on the record the reasons for granting or denying the motion.").

This is a core proceeding.  28 U.S.C. § 157(b)(2)(A), (E), (H), and (O) (2006).

## I

The following facts, set forth in the Statement of Undisputed Facts, are not disputed by the

Defendant.  The Debtor filed the Voluntary Petition commencing its Chapter 7 bankruptcy case on

June 8, 2011, and the Plaintiff was appointed as Chapter 7 Trustee.  STMT. OF UNDISP. FACTS at ¶¶ 1,

3.  At the time the case was filed, the Defendant was the Debtor's president, and Computerworks

was a retail store operating at its business address of 404 Merchants Drive, Knoxville, Tennessee.

STMT. OF UNDISP. FACTS at ¶¶ 1, 4.  The Voluntary Petition also listed the following companies as

names under which the Debtor operated: Vol Express, Computerworks, and SCD Enterprises. STMT.
OF UNDISP. FACTS at ¶ 2.

On April 28, 2011, the Debtor listed Computerworks for sale with Transworld Business
Advisors. STMT. OF UNDISP. FACTS at ¶ 5; EX. E. Subsequently, on June 7, 2011, all inventory at
the Computerworks location owned by the Debtor in February 2011, was levied upon. STMT. OF
UNDISP. FACTS at ¶ 7.I. In the bankruptcy petition, the Debtor stated that the "Sheriff mistakenly
levied on property belonging to RXMAC PC, Inc." STMT. OF UNDISP. FACTS at ¶ 6. The Debtor
based this assertion upon his testimony that the Debtor ceased operations of Computerworks on
February 23, 2011, and that the assets of Computerworks owned by the Debtor had been transferred
to RXMAC PC, Inc. for no consideration, although the Defendant owned a 90% interest in the new
company, and he continued to help in the operation of Computerworks. STMT. OF UNDISP. FACTS
at ¶¶ 7.A, 7.B, 7.B-1, 7.D, 7.F-1, 7.G, 7.H. The records of the Tennessee Secretary of State,
however, reflect that RXMAC PC, Inc. was not incorporated until June 20, 2011. STMT. OF UNDISP.
FACTS at ¶ 8; EX. F. Following RXMAC PC, Inc.'s incorporation, on August 16, 2011, the
Marketing Agreement between Transworld Business Advisors and the Debtor was, at the
Defendant's request, backdated to June 20, 2011, and changed to reflect the seller as RXMAC PC,
Inc. STMT. OF UNDISP. FACTS at ¶ 9; EX. G.

On September 21, 2011, RXMAC PC, Inc. and Bhavin Bhalodia entered into a Business Sale
Offer and Acceptance Agreement whereby the assets of Computerworks, including inventory,
furniture, fixtures, equipment, and goodwill, were sold to Smart Tech, Inc. for $421,000.00. STMT.

OF UNDISP. FACTS at ¶ 10.[1]  The sale closed on October 3, 2011, with the buyer paying $190,000.00 cash and entering into a promissory note payable to RXMAC PC, Inc. for the remaining $211,118.62, to be paid in forty-six monthly installments commencing January 1, 2012, and both executed the Bill of Sale on October 3, 2011, as representatives of the respective corporations involved.  STMT. OF UNDISP. FACTS at ¶¶ 10-11; EX. D.  The promissory note was not, however, paid as agreed, and in 2012, the Defendant, on behalf of RXMAC PC, Inc., commenced civil action no. 182684-1 in the Chancery Court for Knox County, Tennessee, styled *RXMAC PC, Inc. v. Bhavin Bhalodia and Smart Tech, Inc*. (Chancery Court Case) to recover the remaining sales price.  STMT. OF UNDISP. FACTS at ¶ 12. The Chancery Court Case was subsequently settled by the Defendant in May 2013. STMT. OF UNDISP. FACTS at ¶ 13.

The Plaintiff filed the Complaint initiating this adversary proceeding on May 30, 2013. Pursuant to the Second Pre-Trial Order prepared and submitted by Plaintiff's counsel, entered on March 25, 2014, the issues to be determined by the court are:  "(A) Plaintiff alleges that after filing for Chapter 7 relief for Computerworks, Defendant sold Computerworks for $400,000, claiming it was owned by another corporation and keeping the money for himself; (B) The Defendant reiterates the denials and affirmative defenses set forth in the Defendant's Answer (Docket #8) pending discovery on the facts and issues involved in this adversary proceeding."  SECOND PRE-TRIAL ORDER at ¶ 2.[2]  In her Motion for Summary Judgment, the Plaintiff argues that there are no disputed material facts, that the Defendant made misrepresentations concerning the Debtor's financial

---

[1] The Business Sale Offer and Acceptance Agreement was between RXMAC PC, Inc. and Bhavin Bhalodia; however, the Bill of Sale reflects that the Computerworks assets were sold to Smart Tech, Inc. EX. D.  To avoid any confusion, the court will refer to the buyer of the assets of Computerworks as Smart Tech, Inc.

[2] The court is hard put to delineate from this language the basis of the Plaintiff's claim.

condition and the sale of its assets post-petition, and she is entitled to summary judgment as to the

Defendant's liability only, reserving the issue of damages for trial.

## II

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant

is entitled to judgment as a matter of law[,]" utilizing the following procedures:

(1) ***Supporting Factual Positions***. A party asserting that a fact cannot be or is
genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions,
documents, electronically stored information, affidavits or declarations,
stipulations (including those made for purposes of the motion only),
admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence
of a genuine dispute, or that an adverse party cannot produce admissible
evidence to support the fact.

(2) ***Objection That a Fact Is Not Supported by Admissible Evidence***. A party may
object that the material cited to support or dispute a fact cannot be presented in a
form that would be admissible in evidence.

(3) ***Materials Not Cited***. The court need consider only the cited materials, but it may
consider other materials in the record.

(4) ***Affidavits or Declarations***. An affidavit or declaration used to support or oppose
a motion must be made on personal knowledge, set out facts that would be
admissible in evidence, and show that the affiant or declarant is competent to testify
on the matters stated.

FED. R. CIV. P. 56(c) (applicable in adversary proceedings by virtue of Rule 7056 of the Federal

Rules of Bankruptcy Procedure).  When deciding a motion for summary judgment, the court does

not weigh the evidence to determine the truth of the matter asserted but simply determines whether

a genuine issue for trial exists, and "[o]nly disputes over facts that might affect the outcome of the

suit under the governing law will properly preclude the entry of summary judgment." *Anderson v.

Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

As movant, the Plaintiff bears the burden of proving that, based upon the record presented

to the court, there is no genuine dispute concerning any material fact, such that the claims or

defenses alleged are factually unsupported, entitling her to judgment as a matter of law. *Celotex

Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986); *Owens

Corning v. Nat'l Union Fire Ins. Co.*, 257 F.3d 484, 491 (6th Cir. 2001).  The burden then shifts to

the Defendant, the nonmoving party, to prove that there are genuine disputes of material fact for

trial, although it may not rely solely upon allegations or denials contained in the pleadings because

reliance upon a "mere scintilla of evidence in support of the nonmoving party will not be sufficient."

*Nye v. CSX Transp., Inc.*, 437 F.3d 556, 563 (6th Cir. 2006); *see also Matsushita Elec. Indus. Co.,

Ltd. v. Zenith Radio Corp.*,475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  The

facts and all resulting inferences are viewed in a light most favorable to the nonmovant, with the

court deciding whether "the evidence presents a sufficient disagreement to require submission to a

jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477

U.S. at 243, 106 S. Ct. at 2512.  Nevertheless, "[w]here the record taken as a whole could not lead

a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"

*Matsushita*, 475 U.S. at 587, 106 S. Ct. at 1356 (citations omitted).

Having reviewed the record, including the Motion for Summary Judgment, Statement of

Undisputed Facts, exhibits, and the pleadings, and notwithstanding that the Defendant did not

respond and is deemed not to oppose the Motion for Summary Judgment, the court finds that there

is a genuine dispute over material facts.  Accordingly, the Motion for Summary Judgment shall be

denied.

Although the Plaintiff did not cite to any statutory authority in her Motion for Summary

Judgment or brief in support thereof, and the Second Pre-Trial Order entered on March 25, 2014,

does not clearly articulate the issues the court is called upon to resolve,[3] the Complaint references

§ 549(a) as the basis for recovery against the Defendant.  Under § 549(a), "the trustee may avoid a

transfer of property of the estate—  (1) that occurs after the commencement of the case;  . . .

(2)(B) that is not authorized under this title or by the court[,]" 11 U.S.C. § 549(a), and "to the extent

that a transfer is avoided under section . . . 549 . . ., the trustee may recover, for the benefit of the

estate, the property transferred, or . . . the value of such property, from—  (1) the initial transferee

of such transfer or the entity for whose benefit such transfer was made; or (2) any immediate or

mediate transferee of such initial transferee."  11 U.S.C. § 550(a).  Logically, in order to determine

whether a post-petition transfer may be avoided, a trustee must prove that a transfer occurred and

that the transfer involved property of the estate, although it is presumed that the transfer was not

authorized, with the burden of proof otherwise falling on the transferee.  *In re O'Brien*, 443 B.R.

117, 135 (Bankr. W.D. Mich. 2011); *see also Krol v. Wilcek (In re H. King & Assocs.)*, 295 B.R.

246, 291 (Bankr. N.D. Ill. 2003) ("Under this subsection, a four-part inquiry is raised: (1) whether

a transfer of property occurred; (2) whether the property was property of the estate; (3) whether the

---

[3] *See supra* n.2.

transfer occurred after the commencement of the case; and (4) whether the transfer was authorized by the court or the Bankruptcy Code.").

Per the Plaintiff's brief, the court is asked to award summary judgment because the facts suggest that the Defendant "was not forthcoming" about the condition of the Debtor prior to the bankruptcy filing or about the sale of assets of Computerworks post-petition.  In support of her argument, she cites to contrary testimony by the Defendant at the Debtor's meeting of creditors in July 2011, and that he gave during a deposition in the Chancery Court Case in January 2013.  The Plaintiff also alleges that the Defendant kept the profit from the sale of assets between RXMAC PC, Inc. and Smart Tech, Inc.  While the court agrees that the facts as presented by the Plaintiff give rise to questions as to the Defendant's actions and veracity thereafter, the record does not support a determination that the court may avoid a post-petition transfer.  First, the Plaintiff has not identified the transfer she seeks to avoid:  the transfer of assets between the Debtor and RXMAC PC, Inc. or the transfer between RXMAC PC, Inc. and Smart Tech, Inc., in which case she would also have to prove her standing.  Additionally, the Plaintiff has not proved that any of the assets sold by RXMAC PC, Inc. to Smart Tech, Inc. were actually assets belonging to the Debtor.  Instead, the record establishes that a levy of property took place on June 9, 2011, and that those assets, which belonged to the Debtor, were being stored in a warehouse.  The record does not, however, reflect that those assets were subsequently returned to the Debtor and were subsequently sold by RXMAC PC, Inc. The Plaintiff has likewise not presented evidence under which the court may award her a judgment for liability against the Defendant, an individual, when the Debtor and RXMAC PC, Inc. are both corporations.  The record simply reflects that the Defendant was the CEO and President of the Debtor and that he owned 90% of RXMAC PC, Inc.  That he was an officer of the Debtor and

owned a percentage of RXMAC PC, Inc. does not, however, shift personal liability for actions taken

by either corporation to the Defendant personally.  Furthermore, there is nothing in the record to

conclusively establish that the Defendant, individually, kept the $190,000.00 cash paid at the closing

or any of the payments made pursuant to the promissory note for the remaining $211,118.62 owed

to RXMAC PC, Inc. by Smart Tech, Inc.

Because there is a genuine dispute as to material facts as outlined above, the Plaintiff's

Motion for Summary Judgment will be denied.  An Order consistent with this Memorandum will

be entered.

FILED:  May 27, 2014

BY THE COURT

*/s/  RICHARD STAIR, JR.*

RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE